Chapman v. Therriault                    CV-97-372-SD 04/13/98

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Gregory G. Chapman, et al


     v.                                   Civil No. 97-372-SD


Iris Therriault, d/b/a
 Therriault Trucking


                            O R D E R


     In this diversity action, plaintiffs Gregory Chapman,

personal representative of the estate of Tamber Chapman,

deceased, and Tiffani Chapman are suing Iris Therriault, d/b/a

Therriault Trucking for negligence and wrongful death.  Defendant

Therriault has asserted a counterclaim for contribution against

Tamber Chapman.  Presently before the court is plaintiffs' motion

to dismiss defendant's counterclaim, to which defendant objects.


                             Facts

     This action arose from a collision between two automobiles,

one operated by decedent Tamber Chapman and occupied by plaintiff

Tiffani Chapman and the other operated by an employee of defendant

Therriault.  In its counterclaim, defendant Therriault argues

that decedent Tamber Chapman was driving negligently, contributing

to the accident and injuries to Tiffani Chapman.  Thus defendant

Therriault asserts that Tamber Chapman is liable on a theory of

contribution.

## Discussion

Defendant Therriault Trucking seeks to assert its counterclaim for contribution concurrent with plaintiff Chapman's principal action. However, plaintiff Chapman moves to dismiss the counterclaim under New Hampshire's contribution statute, Revised Statutes Annotated (RSA) 507:7-f & g, which prohibits defendants from maintaining a cause of action for contribution prior to resolution of the plaintiff's principal action, unless the plaintiff consents. Here, plaintiff Chapman has expressly withheld consent from defendant Therriault's counterclaim. Defendant Therriault responds that RSA 507:7-f & g is displaced by Rule 13 of the Federal Rules of Civil Procedure, which requires a counterclaim arising out of the same transaction or occurrence as the plaintiff's claim to be raised in the principal action, regardless of plaintiff's consent. Thus there is a direct conflict between RSA 507:7 and Rule 13. Under the former, defendant Therriault cannot bring its counterclaim in this action because plaintiff Chapman has not consented; under the later, the counterclaim must be brought in this action, otherwise it is deemed waived. Thus the court must determine whether the state or the federal rule governs.

The validity of a Federal Rule that conflicts with state law is judged under the Rules Enabling Act, 28 U.S.C. § 2072, which provides:

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrates thereof) and courts of appeals.
> (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
> (c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

Under the Rules Enabling Act, the Federal Rules govern in federal court, displacing conflicting state rules provided they do not "abridge, enlarge or modify any substantive right." Plaintiff Chapman argues that his right under RSA 507:7 to withhold consent from defendant Therriault's counterclaim should be characterized as substantive, not procedural. Thus plaintiff Chapman concludes that Rule 13 would abridge his substantive right by requiring defendant Therriault to assert its counterclaim in this action regardless of plaintiff's consent. As support, plaintiff cites Connors v. Suburban Propane, Civ. No. 95-79-M, in which that court held that the consent provision of RSA 507:7-f & g conferred substantive rights on plaintiffs, and thus that court refused to apply Federal Rule of Civil Procedure 14, which would have permitted a third-party action for contribution regardless of plaintiff's consent. In addition, this court has found other support for plaintiff Chapman's

3

position. In <u>Douglas v. NCNB Texas National Bank</u>, 979 F.2d 1128, 1130 (5th Cir. 1992), the court refused to apply Rule 13 because doing so would abridge the plaintiff's substantive right. Under the applicable state law, when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule does not require the creditor to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure. Under Rule 13, however, the creditor must bring the counterclaim in the borrower's principal action, or it is waived. According to the Fifth Circuit, Rule 13 abridges the creditor's substantive right to elect nonjudicial foreclosure.

However, this court respectfully disagrees with the <u>Connors</u> and <u>Douglas</u> courts. Neither court provided solid reasoning for the conclusion that the rights at issue were substantive. Granted, there is scant precedent on the issue, <u>see</u> 17 MOORE'S FEDERAL PRACTICE, § 124.04[2] (3d ed. 1997) ("Like the Supreme Court, most lower federal courts have not decided many . . . issues with reference to the Rules Enabling Act's substantive rights provision."), and the caselaw has not yet produced any clearly articulated criteria distinguishing between procedural and substantive rights, in the context of Rule Enabling Act analysis. Workable definitions have emerged in the context of <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1936), under which substantive law is broadly defined by reference to <u>Erie</u>'s twin aims of preventing "forum-shopping and avoidance of inequitable

4

administration of the laws." Hanna v. Plummer, 380 U.S. 460, 468 (1965). However, "[t]he line between 'substantive' and 'procedure' shifts as the legal context changes," id. at 471, and neither term "represents the same invariants." Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945). It is clear that Erie's definition of substantive rights is too broad for Rules Enabling Act analysis. In the Erie context, the question is whether a federal judge-made rule may displace conflicting state law. In such a case, the federalism concerns are strong because the states enjoy no political influence over the federal judiciary that would otherwise serve to protect the state's interests. In Garcia v. San Antonio Metropolitan Transit Auth., 469 U.S. 528, 556 (1985), the Court said, "the principal and basic limit on the federal . . . power is that inherent in all congressional action --the built-in restraints that our system provides through state participation in federal government action. The political process ensures that laws that unduly burden the States will not be promulgated." However, this "principal and basic limit on the federal . . . power" is inoperative when the federal judiciary makes law that threatens to displace state law. Thus, Erie's broad definition of substantive law that may not be displaced by federal judge-made rules functions as "one of the modern cornerstones of our federalism," Hanna, supra, 380 U.S. at 474 (Harlan, J., concurring), preserving a robust sphere of state law-making authority against encroachment by an apolitical federal judiciary.

5

However, as the Court noted in Hanna, supra, 380 U.S. at 471, when there is a conflict between state law and one of the Federal Rules, "the question facing the court is a far cry from the typical, relatively unguided Erie choice." The Federal Rules apply by congressional mandate, and are therefore subject to the "principal and basic limit on the federal . . . power" inherent in the political process. When one of the Federal Rules is held to displace state law, the federalism concerns are less significant than those at issue in the Erie context. Political protections for the states' interests minimize the need for legal protections, and the category of substantive state law that may not be displaced by one of the Federal Rules may be more narrowly circumscribed than in the Erie context.

This court believes that only those core rules governing the "primary decisions respecting human conduct which our constitutional system leaves to state regulation," Hanna, supra 380 U.S. at 475 (Harlan, J. concurring), may not be displaced by the Federal Rules. While the states remain the primary regulators of citizens' extra-judicial daily affairs, "the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power," Hanna, supra, 380 U.S. at 471, to regulate citizens' affairs in federal courts. The issue in this case, whether the defendant may presently seek contribution as a counterclaim, bears simply on the relations between the parties during this federal judicial action rather than on the extra-judicial daily

6

affairs of the parties. For that reason, plaintiff Chapman's right to consent under RSA 507:7 must be deemed procedural. Thus application of Rule 13 does not abridge plaintiff Chapman's substantive rights. Under the Rules Enabling Act, Rule 13 is applicable to the case, and defendant Therriault must bring its counterclaim regardless of plaintiff's consent.

## Conclusion

For the foregoing reasons, plaintiff and counterclaim defendant's motion to dismiss (document 9) must be and herewith is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 13, 1998

cc:    Nicholas R. Aeschliman, Esq.
       David K. Fulton, Esq.
       George W. Lindh, Esq.

7